The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Theresa B. Stephenson and defendant's brief on appeal. Counsel for defendant was present and prepared to argue at the call of this case.
However, because plaintiff did not file a brief and did not appear, the Full Commission waived oral arguments pursuant to Industrial Commission Rules 701(4) and 701(6).
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement admitted into evidence as Stipulated Exhibit #1, at the hearing on 3 December 1997 and subsequent to the hearing as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission, and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 25 May 1995, an employment relationship existed between plaintiff-employee and defendant-employer.
3. Defendant-employer was self-insured on 25 May 1995 with Key Risk Management Services as the servicing agent.
4. The parties agreed after the hearing that plaintiff's average weekly wage on 25 May 1995 was $195.00 per week.
5. All parties have been properly designated and there is no question as to misjoinder or nonjoinder of parties.
6. Plaintiff's Answers to Defendant's First Set of Interrogatories to plaintiff are admitted into evidence as Stipulated Exhibit #2.
7. A memo from Karl Kauffman to plaintiff, dated 30 July 1996, is admitted into evidence as Stipulated Exhibit #3.
8. A memo dated 30 May 1996, from Karl Kauffman to Dr. Nicholas Fax, is admitted into evidence as Stipulated Exhibit #4.
9. Plaintiff's medicals are admitted into evidence as exhibits to Dr. Mark E. Brenner's deposition.
10. The issues to be determined by this hearing are whether the plaintiff suffered a compensable injury on 25 May 1995; and, if so, to what benefits is she entitled?
 *********** RULINGS ON EVIDENTIARY MATTERS
The objections contained within the deposition of Dr. Mark E. Brenner are ruled upon in accordance with the applicable provisions of the law and the Opinion and Award in this case.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 25 May 1995 plaintiff was a 57-year old female, with an eighth grade education who was employed by defendant as a housekeeper. Plaintiff had been employed in this capacity for approximately five (5) years. Prior to plaintiff's employment with defendant-employer, she had been employed at Ramada Inn as a housekeeper for approximately three (3) years. Prior to 1987 plaintiff had been a homemaker.
2. On 25 May 1995 plaintiff was performing her regular duties as a housekeeper with defendant-employer. These duties included cleaning the rooms at the hotel, washing tubs, making beds and folding and delivering clean linens to the guestrooms.
3. On 25 May 1995 plaintiff tripped over a sheet folder or "helping hand" machine. This machine assisted the employees folding sheets. As plaintiff tripped over the machine pedal, her right foot caught and she fell to the concrete floor. The fall threw her forward, striking first her right hand and right leg at the ankle. Plaintiff then hit the other side of her body, eventually landing on her left ankle and left arm. Co-employees Helen LaSane and Lena Graham assisted picking plaintiff up from the concrete floor.
4. As a result of plaintiff's work-related fall on 25 May 1995, she sustained bruises to her arms and legs at her ankles and the sides of her knees.
5. Plaintiff initially received treatment at Doctor's Urgent Care on 25 May 1995 for the injuries she received in the fall on that date. Plaintiff continued to receive follow-up treatment on a periodic basis with Doctor's Urgent Care until 5 July 1995.
6. As a result of plaintiff's work-related injury on 25 May 1995, plaintiff was unable to work or earn wages for eleven (11) days. Plaintiff returned to work for defendant-employer on 5 June 1995 earning the same or greater wages than she had earned prior to her work-related injury on 25 May 1995.
7. For the next year plaintiff continued to work for defendant-employer. However, plaintiff began limping. Plaintiff requested authorization for additional medical treatment and complained of continuing pain in each ankle. Plaintiff also began experiencing pain in the heels of both feet. Plaintiff had not limped or experienced ankle or heel problems prior to her fall on 25 May 1995.
8. On 30 May 1996 plaintiff finally received authorization for treatment after several requests. A one-time visit with Dr. Nicholas Fax, a local orthopedist, was authorized. However, for reasons unknown, no appointment was ever made with Dr. Fax's office.
9. On 30 July 1996 plaintiff received authorization to see Dr. Jack Dunlap in Lumberton. However, by the time authorization was received, Dr. Dunlap had retired from the practice of medicine.
10. On 29 August 1996 plaintiff finally sought treatment from Dr. Mark E. Brenner, an orthopedic surgeon, upon attorney referral. Dr. Brenner diagnosed plaintiff as suffering from Haglund's deformity of the left and right heels. This is a pre-existing deformity, which is an enlargement of the bone at the top of plaintiff's heels. Dr. Brenner also diagnosed plaintiff with bilateral Achilles tendonitis, which is an inflammatory change within the substance of the tendon as it inserts within the heel bone.
11. Conservative treatment of plaintiff's heels did not alleviate plaintiff's pain. Dr. Brenner performed surgery on 1 August 1997 on plaintiff's left heel. This surgery included the excision of the Haglund's deformity, or heel spur, and debridement of the Achilles tendon as it inserted onto the heel. There was calcification of the Achilles tendon prior to the surgery.
12. Haglund's deformity is associated with a higher incidence of Achilles tendonitis.
13. Plaintiff sustained an injury by accident arising out of and in the course of her employment when she fell at work on 25 May 1995. As a result of this fall, plaintiff received medical treatment and was unable to work or earn wages from 25 may 1995 through 6 June 1995. Plaintiff previously received compensation for those days.
14. The greater weight of the medical evidence shows that plaintiff's Achilles tendonitis is not causally related to plaintiff's fall at work on 25 may 1995. Plaintiff did not injure either heel in her fall at work. The first reference in the medical notes to any foot injury occurs in a 5 June 1995 visit when Dr. Woriax noted a bruise on plaintiff's right ankle. Dr. Woriax questioned whether this right ankle bruise was related to plaintiff's fall on 25 May 1995 due to its appearance eleven (11) days after the fall. In order for plaintiff's Achilles tendonitis to be causally related to plaintiff's fall at work on 25 May 1995, plaintiff would have had to injure her heels. Given plaintiff's description of her fall, and the doctor's notes regarding bruised areas of plaintiff's body, plaintiff did not sustain a compensable injury to her heels on 25 May 1995. The only injury to plaintiff's foot is the notation of a bruise to the anklebone of her right ankle. However, plaintiff's Achilles tendonitis is bilateral and plaintiff's surgery was on her left foot. It is more than likely plaintiff's Achilles tendonitis resulted from plaintiff's Haglund's deformity, a congenital condition, which was not caused or aggravated by the fall.
15. Plaintiff has failed to prove by the greater weight of the evidence that her current problems with her feet, Achilles tendonitis, are causally related to her work-related fall on 25 May 1995.
16. On 24 January 1997 plaintiff was involved in an unrelated motor vehicle accident where she sustained injuries. As a result of these injuries, plaintiff discontinued her employment with defendant-employer.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 25 May 1995 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. G.S. § 97-2(6).
2. As a result of this compensable injury on 25 May 1995, plaintiff is entitled to temporary total disability from 25 May 1995 through 6 June 1995 at her compensation rate of $130.00 per seek, less her seven days waiting period. G.S. § 97-29. This amount has been previously paid to plaintiff.
3. Plaintiff has failed to prove by the greater weight of the medical evidence that her bilateral Achilles tendonitis is related to her compensable fall at work on 25 May 1995. G.S. § 97-2(6).
4. As the result of her 25 May 1996 injury by accident, plaintiff is entitled to have defendant provide for all related medical treatment. This, however, does not include treatment rendered by Dr. Brenner for plaintiff's bilateral Achilles tendonitis. G.S. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Since plaintiff has previously received compensation for 25 May 1995 through 6 June 1995, the plaintiff is not entitled to any further benefits as a result of her compensable injury on 25 May 1995.
2. Defendant shall pay the costs.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ _______________ DIANNE C. SELLERS COMMISSIONER
S/ _______________ RENÉE C. RIGGSBEE COMMISSIONER